(40 Misc. Rep. 71.)

PEOPLE v. SQUAZZA.

(Court of General Sessions, New York County. February, 1903.)

1. CRIMINAL LAW—CORRECTION OF INFANT.

Pen. Code, § 19, provides that a child of 7 years and under the age of 12 is presumed to be incapable of crime, which presumption may be removed by evidence. *Held,* that a boy 11 years old cannot be convicted of manslaughter in the second degree for having thrown from the roof a brick which killed a person below, without affirmative proof that he had capacity to understand the act and knew that it was wrong.

Peter Squazza was convicted of manslaughter. Motion to set aside verdict granted.

William Travers Jerome, Dist. Atty., William Rand, Jr., and Henry R. Gray, Asst. Dist. Attys, for the People.

Lewis Stuyvesant Chanler and Cæsar B. B. Barra, for defendant.

NEWBURGER, J. The defendant was indicted for the crime of manslaughter in the first degree. It is claimed that on the 15th day of August, 1902, a child, Ambrose Kerrigan, died as a result of injuries received from a brick thrown from a roof by the defendant herein. On the 21st day of January, 1903, the defendant was placed on trial. It is not denied that the defendant is but 11 years of age. On the trial it was conceded by the defense that Ambrose Kerrigan, named in the indictment, came to his death by reason of a fracture of the skull caused by a brick. The prosecution then offered evidence to show that the defendant had been warned on several occasions by the mother of the deceased not to throw any pebbles, and that the defendant was about the premises about the time the deceased met with the injuries which resulted in his death.

The defense was an alibi, and it consisted of proof that at the time of the alleged commission of the crime the defendant was upon one of the docks in the immediate neighborhood of his home playing with other children.

No evidence was offered by the people as to the capacity of the defendant to understand the act charged against him, nor was there any motion made to take from the jury the case by reason of the failure to offer such proof. The trial resulted in a conviction of the defendant of the charge of manslaughter in the second degree. The defendant now moves to set aside the verdict upon the ground that it was contrary to law and clearly against the evidence, and upon the further ground of the failure of proof as to the capacity of the defendant to understand the nature of the crime with which he was charged. I propose to consider the latter ground only.

Section 19 of the Penal Code provides:

"A child of the age of seven years, and under the age of twelve years, is presumed to be incapable of crime, but the presumption may be removed by proof that he had sufficient capacity to understand the act or neglect charged against him, and to know its wrongfulness."

This law seems to have come down to us from the common law, and to have been made a part of the statute law in most of the states. "Convictions have been had of infants between seven and fourteen. But in all such cases the evidence of that malice which is to supply age ought to be strong and clear beyond all doubt and contradiction." 4 Blackst. Com. 23. And Bishop in his work on Criminal Law states the rule to be:

"Under our statute an infant under ten years is incapable of committing crime. From ten to fourteen he is prima facie incapable, and during the period last named the same burden is on the people to prove his capability as to prove any other material fact. It must be proved beyond a reasonable doubt. The fact can be no more inferred without evidence than can any other material fact. It must be proved by competent evidence."

And Barbour's Criminal Law (Vol. 1, 3d Ed., pp. 262, 263) says:

"Infants above seven years of age and under fourteen are said to be within the age of possible discretion, during which time they may or may not be guilty of crime, according to their natural capacity or incapacity. The presumption, where the offender is under the age of fourteen, is that he has not a sufficient sense of right and wrong to be capable of committing crime. But this presumption, like most others, may be overcome by counter evidence and by circumstances; for the capacity of doing ill or contracting guilt is not so much measured by years and days as by the strength of the delinquent's understanding. One lad eleven years old may have as much cunning as another of fourteen, and in these cases the maxim is that 'malice supplies age.' With regard to the maxim that 'malice supplies age,' it seems agreed among all the writers on criminal law that before an infant under fourteen is to be presumed capable of committing a crime the evidence of mischievous discretion should be strong and clear, beyond all doubt and contradiction."

In the case of People v. Davis, 1 Wheeler, Cr. Cas. 230, 231, Recorder Riker instructed the jury that the presumption of law was in favor of an infant under 14 years of age; that under 7 years the law supposed the infant incapable to commit a crime. He is supposed to want discretion to judge between right and wrong; but from that age to 14 the law still supposed him innocent, and in order to show his liability for crimes it was necessary to prove his capacity.

In Angelo v. People, 96 Ill. 209, 36 Am. Rep. 132, Mr. Justice Walker says:

"There is uncontradicted evidence in the record that plaintiff in error was little more than eleven years of age when the homicide was committed. This evidence was not contradicted, but was virtually conceded by the eighth instruction asked and given for the people. If this was true, and the evidence tended to prove it, the rule required evidence, strong and clear beyond all doubt and contradiction, that he was capable of discerning between good and evil, and the legal presumption being that he was incapable of committing the crime for want of such knowledge it devolved on the people to make the strong and clear proof of capacity before they could be entitled to a conviction. This record may be searched in vain to find any such proof. There was no witness examined on that question, nor did any one refer to it. There is simply evidence as to his age. For aught that appears, he may have been dull, weak, and wholly incapable of knowing good from evil. It does not

appear, from even the circumstances in evidence, that he may not have been mentally weak for his age, or that he may not have even approached idiocy. The law presumes that he lacked mental capacity at his age, and that presumption has not been overcome by the requisite proof, or in fact any proof. The court below should therefore have granted a new trial, and erred in refusing it."

I have carefully examined all the authorities, and the trend of opinion, both by the text-writers and the decisions, seems to lead to but one conclusion, that in cases against children between the ages of 7 and 12, charging them with the commission of a crime, the presumption of incapacity can only be removed by affirmative proof on the part of the prosecution that such child had capacity to understand the act complained of and to know its wrongfulness.

From an examination of the record in this case, there appears to be no evidence of the capacity of the defendant herein to understand the act complained of. The only evidence that was offered by the prosecution of malice or capacity was the testimony of Mrs. Kerrigan, the mother of the deceased, who testified that on several occasions preceding the date of the death of her child she had warned the defendant, Peter Squazza, to leave the roof, and to stop throwing pebbles, and that, to use her own words, he would make no reply, but stick out his tongue. This cannot be deemed to be evidence of malice or capacity to understand, but, on the contrary, favors the contention of the defense, that the boy did not realize the nature of the act complained of. The action of the defendant on the stand, his manner of testifying, and his bearing during the trial, clearly demonstrates that he had neither capacity to understand the nature of his act nor to realize that he had done wrong. The evidence in this case wholly fails to bring the case within the provisions of the statute.

It is unnecessary to examine the other grounds raised by the defense or to consider the application for a new trial upon newly discovered evidence.

Verdict set aside, and new trial granted.