## County Court—Oneida County.

November, 1904.

## THE PEOPLE v. NANNY DOMENICO ET AL.

(45 Misc. 309.)

1. CHILDREN—PRESUMPTION AS TO CHILD BETWEEN SEVEN AND TWELVE—
PLEA OF GUILTY NOT TAKEN AS AFFIRMATIVE PROOF—PENAL CODE,
SEC. 19.

    A plea of guilty will not take the place of affirmative proof required
    to overcome the presumption that a child between seven and twelve
    years of age is incapable of crime.

2. SAME—STATEMENT BY MAGISTRATE UNACCOMPANIED BY EVIDENCE.

    A statement in the return on appeal from a judgment of a child be-
    tween seven and twelve that " no evidence was taken as to the defend-
    ant's capacity to commit the crime charged, for the reason that from
    their appearance and my conversation with them and their mothers
    in court they had sufficient capacity to understand the act charged
    and its wrongfulness," is not sufficient to sustain conviction, as in the
    absence of accompanying evidence the court will disregard the conclu-
    sion of the court below.

APPEAL by the above-named defendants from a judgment of
the Court of Special Sessions of the city of Rome, convicting
them of the crime of petit larceny.

D. F. Searle, for appellants.

T. Curtin, district attorney, for respondent.

DUNMORE, J.: The above-named defendants were convicted
of the crime of petit larceny upon their plea of guilty. Upon
the trial the age of each of said defendants was given to the court
as " past seven." No evidence was given or offered by the
people as to the capacity of either defendant to comprehend the
nature of the act. It appears that they took a hen and six
chickens from a coop in the rear of complainant's store, and
when he went to investigate found them returning with the hen

and four chickens.    What became of the other two chickens does not appear.

Section 19 of the Penal Code provides: " A child of the age of seven years, and under the age of twelve years, is presumed to be incapable of crime, but the presumption may be removed by proof that he had sufficient capacity to understand the act or neglect charged against him, and to know its wrongfulness."

This is not a new provision.   By the ancient Saxon law the age of twelve years was established for the age of possible discretion, when first the understanding might open; and from thence till the offender was fourteen, it was *aetas pubertati proxima,* in which he might or might not be guilty of a crime, according to his natural capacity or incapacity.   By the common law, as it has stood at least ever since the time of Edward III., the capacity of committing a crime within certain limits of age is not so much measured by years and days, as by the strength of the delinquent's understanding and judgment. (Black. Com. 23.)

In all such cases, the evidence of that malice which is to supply age ought to be strong and clear beyond all doubt and contradicton.    (4 Black. Com. 24.)

The Penal Code preserves the rule of the common law except that it fixes the age of twelve instead of fourteen as the time when the presumption of incapacity ceases.

In Angelo v. People (96 Ill. 29), Mr. Justice WALKER, in referring to the conviction of a boy eleven years of age, says: "The rule required evidence strong and clear beyond all doubt and contradiction, that he was capable of discerning between good and evil, and the legal presumption being that he was incapable of committing the crime, for want of such knowledge, it devolved on the People to make the strong and clear proof of capacity, before they could be entitled to a conviction.   This record may be searched in vain to find any such proof.   There was no witness examined on that question, nor did any one refer to it."

The return in this case contains the following statement: " No evidence was taken as to the defendants' capacity to commit the crime charged, for the reason that from their appearance and my conversation with them and their mothers in court they had sufficient capacity to understand the act charged and its wrongfulness, and the further reason that I regarded their plea of guilty as an admission of every fact necessary to establish a conviction."

Any conversation which the court below had with defendants, or any other evidence received by the court bearing upon the mental capacity of the accused, should have been returned on this appeal, so that this court could have reviewed the same for the purpose of ascertaining whether the evidence was sufficient to establish mental capacity. In the absence of such evidence this court must disregard the conclusion of the court below. The plea of guilty was evidence that the defendants committed the act charged, but was no proof of the capacity of defendants to understand the wrongfulness of the act. I am satisfied that in cases against children between the ages of seven and twelve years charging them with the commission of a crime, the presumption of incapacity can only be rebutted by affirmative proof on the part of the prosecution that such children had capacity to understand the wrongfulness of the act charged against them. Capacity to commit a crime, by a child between the ages of seven and twelve years, can no more be inferred, without evidence, than can any other material fact.     (People v. Squazza, 40 Misc. 71.)

Judgment of conviction reversed and new trial granted.

NOTE.—See two notes in this series upon " Children as Witnesses," Vol. 11 at p. 58, and Vol. 18 at p. 64.

This note is designed to supplement those two notes by indicating where the cases therein collected are to be found in this series. The references are as follows: People v. Linzey, 9 N. Y. Crim. 260; People v. O'Brien, 9 N. Y. Crim. 51; People v. Smith, 9 N. Y. Crim. 525; People v. Pustolka, 11 N. Y. Crim. 559; People v. Quong Kun, 9 N. Y. Crim. 531.